CSD 1160 [03/01/15]
Name, Address, Telephone No. & I.D. No.

Prober & Raphael, A Law Corporation
Melissa A. Vermillion, Esquire # 241354
PO Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100  //  (818) 227-0101 facsimile
Attorneys for Moving Party (S.238-161.NF)

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

FELICIANO GARCIA
                                    Debtor.

BANKRUPTCY NO. 16-02796-LA7

The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2004-AB1, its assignees and/or successors in interest
                                    Moving Party

RS NO. MAV-1

FELICIANO GARCIA; NANCY WOLF, Trustee,
                                    Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☑ **REAL PROPERTY**   ☐ **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter  ☑ 7  ☐ 11  ☐ 12  ☐ 13  was filed on May 9, 2016.

2. Procedural Status:
   a. ☑ Name of Trustee Appointed *(if any)*: Nancy Wolf
   b. ☐ Name of Attorney of Record for Trustee *(if any)*:
   c. ☑ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: 08/20/2008.
      If applicable, the prior case was dismissed on: 11/05/2008.
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

      560 West Los Angeles Drive, Vista, California 92083

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

      single family residence

   c. Legal description of property is attached as Exhibit A.

CSD 1160

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $ 320,000.00

    f.    *Nature of Debtor's interest in the property:

        sole owner

2. ☐ The following personal property is the subject of this Motion *(describe property)*: N/A

    a.    Fair market value of property as set forth in the Debtor's schedules: $

    b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $ 320,000.00

4. *Nature of Movant's interest in the property: Entity entitled to enforce note secured by deed of trust.

5. *Status of Movant's loan: 07/01/2016
   a. Balance owing on date of Order for Relief: $ 370,891.12
   b. Amount of monthly payment: $ 2,055.49
   c. Date of last payment:
   d. If real property,
      i. Date of default: 8/1/2014
      ii. Notice of Default recorded on: 1/11/2016
      iii. Notice of Sale published on: N/A
      iv. Foreclosure sale currently scheduled for: N/A
   e. If personal property, N/A
      i. Pre-petition default: $      No. of months:
      ii. Post-petition default: $      No. of months:

6. *(If Chapter 13 Case, state the following:)*
   a. Date of post-petition default:
   b. Amount of post-petition default: $

7. Encumbrances:
   a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: The Bank of New York Mellon, et al | 344,828.21 | 40,911.18 | 22 | 2,055.49 | 1 |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 344,828.21 | †$ 40,911.18 | | †$ 2,055.49 | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

† The Movant holds partial payments against pre- and/or postpetition amounts due in the aggregate amount of $176.41. The amounts above reflect total pre- and postpetition defaults without reduction of such partial payments.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

8. Relief from the automatic stay should be granted because:
   a. ☑ Movant's interest in the property described above is not adequately protected.

   b. ☑ Debtor has no equity in the ☑ real property ☐ personal property described above and this property is not necessary to an effective reorganization.

   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. ☑ *Other cause exists as follows *(specify)*: ☐ See attached page.
      In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $926.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1. ☑ Other relevant evidence:
   Exhibit A - Legal Description
   Exhibit B - Note
   Exhibit C - Deed of Trust
   Exhibit D - Assignment
   Exhibit E - Schedules A and D

   Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for Bank of America, N.A. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of:

   The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2004-AB1

   Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑ Relief as requested.

☑ Other:
For an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, Moving Party is permitted to engage in loss mitigation activity, including short payoff, short sale and the obtaining of a deed-in-lieu of foreclosure including authorization to negotiate inferior liens. Moving Party is further permitted to send information regarding these loss mitigation options directly to the debtor.

Dated: 6/22/2016

/s/ Melissa A. Vermillion, Esquire # 241354
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160